| Fill in this information to identify your case: |
|---|

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF TEXAS

Case number *(if known)* _____ Chapter **11**

☐ Check if this an amended filing

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy 06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | Nitro Downhole, LLC |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | 27-3402041 |
| 4. | Debtor's address | **Principal place of business**<br><br>117 Broadway<br>Nordheim, TX 78141<br>Number, Street, City, State & ZIP Code<br><br>De Witt<br>County | **Mailing address, if different from principal place of business**<br><br>P.O. Box 595<br>Yorktown, TX 78164<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br>117 Broadway Nordheim, TX 78141<br>Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | |
| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Official Form 201     Voluntary Petition for Non-Individuals Filing for Bankruptcy     page 1

Debtor __Nitro Downhole, LLC__        Case number (*if known*) _____
       Name

| 7. | Describe debtor's business | A. *Check one:* |
|---|---|---|
| | | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | | ■ None of the above |
| | | |
| | | B. *Check all that apply* |
| | | ☐ Tax-exempt entity (as described in 26 U.S.C. §501) |
| | | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3) |
| | | ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11)) |
| | | |
| | | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes. |
| | | __2131__ |

| 8. | Under which chapter of the Bankruptcy Code is the debtor filing? | *Check one:* |
|---|---|---|
| | | ☐ Chapter 7 |
| | | ☐ Chapter 9 |
| | | ■ Chapter 11. *Check **all** that apply*: |
| | |    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that). |
| | |    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | |    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11. |
| | |    ☐ A plan is being filed with this petition. |
| | |    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | |    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | |    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | | ☐ Chapter 12 |

| 9. | Were prior bankruptcy cases filed by or against the debtor within the last 8 years? If more than 2 cases, attach a separate list. | ■ No. ☐ Yes. |
|---|---|---|
| | | District _____ When _____ Case number _____ |
| | | District _____ When _____ Case number _____ |

| 10. | Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor? | ☐ No ■ Yes. |
|---|---|---|

Official Form 201                    Voluntary Petition for Non-Individuals Filing for Bankruptcy                    page 2

| Debtor | Nitro Downhole, LLC | | Case number (*if known*) | |
|---|---|---|---|---|
| | Name | | | |

List all cases. If more than 1, attach a separate list

Debtor    **See Attachment**      Relationship _____
District _____ When _____ Case number, if known _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____
    Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____
    Contact name _____
    Phone _____

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

☐ 1-49
■ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
■ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

■ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

Debtor **Nitro Downhole, LLC**
Name

Case number (*if known*) _____

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **4/4/2025**
            MM / DD / YYYY

X  *Bob Koricanek*                                    **Bobby Lee Koricanek**
Signature of authorized representative of debtor      Printed name

Title  **Authorized Person**

**18. Signature of attorney**

X  **/s/ Joshua N. Eppich**                      Date  **4 April 2025**
Signature of attorney for debtor                       MM / DD / YYYY

**Joshua N. Eppich 24050567**
Printed name

**Bonds Ellis Eppich Schafer Jones LLP**
Firm name

**420 Throckmorton Street, Suite 1000**
**Fort Worth, TX 76102**
Number, Street, City, State & ZIP Code

Contact phone  **817-405-6900**    Email address  **Joshua@bondsellis.com**

**24050567 TX**
Bar number and State

Debtor  **Nitro Downhole, LLC**          Case number (*if known*) _____
      Name

---

| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| SOUTHERN DISTRICT OF TEXAS |
| Case number (*if known*) _____     Chapter  **11** |

☐ Check if this an amended filing

# FORM 201. VOLUNTARY PETITION

## Pending Bankruptcy Cases Attachment

| | | | | | | |
|---|---|---|---|---|---|---|
| Debtor | **NFH Leasing, LLC** | | | Relationship to you | | **Affiliate** |
| District | United States Bankruptcy Court for the Southern District of Texas | When | **5/15/24** | Case number, if known | | **24-60019** |
| Debtor | **Nitro Fluids, LLC** | | | Relationship to you | | **Affiliate** |
| District | United States Bankruptcy Court for the Southern District of Texas | When | **5/15/24** | Case number, if known | | **24-60018** |
| Debtor | **Straitline Pumps, LLC** | | | Relationship to you | | **Affiliate** |
| District | United States Bankruptcy Court for the Southern District of Texas | When | **5/15/24** | Case number, if known | | **24-60020** |

# United States Bankruptcy Court
## Southern District of Texas

In re __Nitro Downhole, LLC__  
Debtor(s)

Case No. _____  
Chapter __11__

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Jackie Ray Simpson<br>14714 Santa Gertrudis<br>Corpus Christi, TX 78410 | Equity | 50% | Membership Interests |
| Tanner L. Koricanek Trust<br>117 Broadway<br>Nordheim, TX 78141 | Equity | 25% | Membership Interest |
| Wyatt J. Koricanek Trust<br>117 Broadway<br>Nordheim, TX 78141 | Equity | 25% | Membership Interest |

**DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP**

I, the **Authorized Person** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date __4/4/2025__

Signature _Bob Koricanek_ (DocuSigned)  
**Bobby Lee Koricanek**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.  
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

# United States Bankruptcy Court
## Southern District of Texas

In re  **Nitro Downhole, LLC**                              Case No.
                                         Debtor(s)          Chapter  **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **Nitro Downhole, LLC** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

Jackie Ray Simpson
14714 Santa Gertrudis
Corpus Christi, TX 78410

Tanner L. Koricanek Trust
117 Broadway
Nordheim, TX 78141

Wyatt J. Koricanek Trust
117 Broadway
Nordheim, TX 78141

☒ None [*Check if applicable*]

4 April 2025                                  /s/ Joshua N. Eppich
Date                                          Joshua N. Eppich 24050567
                                              Signature of Attorney or Litigant
                                              Counsel for **Nitro Downhole, LLC**
                                              Bonds Ellis Eppich Schafer Jones LLP
                                              420 Throckmorton Street, Suite 1000
                                              Fort Worth, TX 76102
                                              817-405-6900 Fax:817-405-6902
                                              Joshua@bondsellis.com

# UNANIMOUS WRITTEN CONSENT OF THE MANAGERS
# OF NITRO DOWNHOLE, LLC

### March 27, 2025

Pursuant to the Texas Business Organizations Code and that certain Company Agreement of Nitro Downhole, LLC dated as of September 3, 2010 adopted by Nitro Downhole, LLC, a Texas limited liability company ("Company"), the undersigned, being all of the managers (the "Managers") of the Company, in lieu of a meeting, do hereby take the following actions and adopt the following resolutions by written consent (this "Consent"):

(A)    **Appointment of Chief Restructuring Officer**

**WHEREAS**, the Company seeks to engage Brad Walker of Riverbend Solutions Group of Dallas, Texas, as the Chief Restructuring Officer ("CRO") of the Company to assist with certain executive management, lender relationship management, accounting management, operations support, and communication, as further set forth in the relevant engagement agreement with the CRO and other relevant documents;

**WHEREAS**, the Company seeks to engage the CRO to assist with a restructuring and potential sale of the Company's business and assets under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") as set forth herein, including the operation of the Company, the negotiation and resolution of the debt and liabilities of the Company, the potential marketing and sale of the Company's assets, the potential marketing and sale of the Company's assets, and the administration of the assets of the Company;

**WHEREAS**, the appointment of the CRO may require the execution of certain agreements and documents associated with such position; and

**WHEREAS**, the Managers of the Company have reviewed and carefully considered the proposal to appoint the CRO and to grant the CRO certain powers to act on behalf of the Company, including with respect to a restructuring of the Company's business and assets under the Bankruptcy Code;

**NOW, THEREFORE, IT IS RESOLVED** that the Company is authorized, but not directed, to execute and deliver, and perform under, all documents necessary or appropriate to effectuate the appointment and/or retention of the CRO;

**IT IS FURTHER RESOLVED** that, if and when appointed, the CRO is given the following powers and is authorized to perform the following actions:

1.    Bankruptcy and Restructuring Responsibilities:

    a.    With the assistance of the current management of the Company, manage the restructuring process of the Company under the Bankruptcy Code, including working with the Company's

1

      employees, professionals, secured lenders, any official committees, and/or other creditors or stakeholders;

   b. Assist counsel and provide testimony in any Bankruptcy Code proceeding;

   c. Establish communication protocol with all stakeholders;

   d. Assist in the preparation and development of financial projections and cash flow budgets, including the implementation of cash conservation strategies, tactics, and processes where appropriate and feasible;

   e. Develop, prepare, and review monthly operating reports and ensure they are filed on a timely basis;

   f. Evaluate strategic and liquidity options of the Company, including the restructuring, refinancing, or reorganizing of the Company and/or its assets and liabilities, or a sale of the Company's assets pursuant to Section 363 of the Bankruptcy Code, and assist current Company management with the development of a plan for same;

   g. Authorize the company to pursue and consummate one or more sales pursuant to Section 363 of the Bankruptcy Code; and

   h. Provide such other similar services as may be requested or required, and in keeping with the ethical responsibilities of a chapter 11 professional.

2. <u>Executive Management</u>:

   a. Participate in meetings between the Company and any other applicable lender(s);

   b. Participate in meetings between the Company and any existing or potential equity investors in the Company;

   c. Participate in all meetings between the Company and its vendors.

3. <u>Lender Relationship Management</u>:

   a. Assist with the Company's relationship with any applicable lender(s);

   b. Monitor the progress of the Company's business toward stated goals; and

   c. Develop appropriate key indicator reports and provide the same to the Company, any applicable lender(s).

4. <u>Accounting Management and Operations Support</u>:

   a. Prepare and review the Company's rolling 13-week cash flow statement ("<u>Cash Flow Statement</u>") and weekly variance analysis;

   b. Monitor Company performance against the Cash Flow Statement and assist with communications regarding Cash Flow Statement

2

       variances in periodic discussions with lender(s).

    c. Provide weekly budget to actual performance measurement against the approved Cash Flow Statement, both weekly and cumulatively; and

    d. Identify and track cost saving initiatives on a weekly basis.

  5. <u>Communication</u>:

    a. Discuss the Company's financial condition and opportunities, as understood at that time, with the Company's management and stakeholders, as well as any applicable lender(s) and any capital placement advisor.

  **IT IS FURTHER RESOLVED** that the form of, the terms and provisions of, and the agreement contemplated by an engagement agreement with the CRO, are hereby approved and authorized in all respects, with such changes or modifications that the officers, Managers or their designee(s) may deem necessary or advisable, such determination to be conclusively evidenced by the execution by the Managers of the Company or their designee(s) on behalf of the Company of any such document related to the agreement as described therein or herein;

  **IT IS FURTHER RESOLVED** that Brad Walker of Riverbend Solutions Group is authorized, but not directed, to be appointed and retained as the Company's CRO, with all the rights, powers, duties, and responsibilities given and designated to the CRO as provided herein and in the engagement agreement; and

  **IT IS FURTHER RESOLVED** that any and all actions heretofore or hereafter taken by the Company in connection with the foregoing, be and each of them hereby is ratified, confirmed, and approved.

**(B) Voluntary Petition for Chapter 11 Bankruptcy**

  **WHEREAS**, the Managers have evaluated a possible restructuring of the Company and the alternatives thereto, and have reviewed and considered the recommendations of the Company's professionals and advisors with respect to potential avenues for relief that are available to the Company, including the possibility of pursuing a restructuring of the Company's business and assets under Chapter 11 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), and have determined that the filing of a voluntary petition (the "<u>Petition</u>") seeking relief pursuant to a case (the "<u>Chapter 11 Case</u>") under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "<u>Bankruptcy Court</u>") is in the best interests of the Company;

  **NOW, THEREFORE, IT IS RESOLVED** that the Company shall be, and hereby is, authorized, empowered, and directed to commence a Chapter 11 Case under the Bankruptcy Code, including by: (a) filing a Petition for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court and any other forms and documents that may

3

be necessary or appropriate to commence and maintain the Chapter 11 Case; and (b) performing any and all acts as are reasonable, advisable, expedient, convenient, proper, or necessary to effect any of the foregoing;

**IT IS FURTHER RESOLVED** that Bobby Lee Koricanek (individually, the "Authorized Person") as appointed herein pursuant to the terms of this Consent, is authorized, empowered, and directed to: (a) execute, acknowledge, deliver, and verify the Petition and all other ancillary documents, and cause the Petition to be filed with the Bankruptcy Court and make or cause to be made prior to execution therefore any modifications to the Petition or ancillary documents as the Authorized Person, in his discretion deems necessary, desirable, or appropriate to carry out the intent and accomplish the purposes of these resolutions; (b) execute, acknowledge, deliver, and verify and file or cause to be filed all other petitions, schedules, statements, lists, motions, applications, including any plan of reorganization or motion to sell assets, and other papers and documents necessary or desirable in connection with the foregoing and the Chapter 11 Case; (c) execute, acknowledge, deliver and verify any and all other documents necessary, desirable or appropriate in connection with the Chapter 11 Case and to administer the Company's Chapter 11 Case in such form or forms as the Authorized Person may deem necessary or advisable in order to effectuate the purpose and intent of the foregoing resolutions; and (d) all actions heretofore taken by the Authorized Person in connection with the subject of the foregoing resolutions be, and hereby are, approved, ratified and confirmed in all respects as the acts and deeds of the Company; *provided further that* Brad Walker, if and only if appointed as CRO of the Company by another Authorized Person shall then become an Authorized Person in all respects, and;

**IT IS FURTHER RESOLVED** that the law firm of Bonds Ellis Eppich Schafer Jones LLP shall be, and hereby is, authorized, empowered, and directed to represent the Company as a debtor and/or debtor-in-possession in connection with the Chapter 11 Case, and the Authorized Person is authorized and directed to retain on behalf of the Company, upon such terms and conditions as the Authorized Person shall approve, such law firm to represent the Company in connection with the Chapter 11 Case;

**IT IS FURTHER RESOLVED** that the Authorized Person is authorized, directed, and empowered to retain such other attorneys, financial advisors, accountants, and other professionals as the Authorized Person shall deem appropriate in his judgment to assist the Company in its restructuring efforts in the Chapter 11 Case or prior to filing; and

**IT IS FURTHER RESOLVED** that the Authorized Person, on behalf of the Company, is hereby authorized, empowered, and directed to take or cause to be taken any and all such further action as the Authorized Person shall deem necessary or appropriate to effectuate the purpose of the resolutions contained herein, including, without limitation, to execute and deliver any and all such further instruments and documents, and to pay all fees and expenses as may be necessary or appropriate in connection with the Chapter 11 Case.

**(C)     Debtor-in-Possession Financing**

4

**WHEREAS**, the Company may determine it is in its best interests to obtain debtor-in-possession financing in connection with the Chapter 11 Case;

**WHEREAS**, in the event the Company decides to obtain debtor-in-possession financing, the Company anticipates a lender or lenders will require the Company to enter into certain agreements and execute other documents related to any debtor-in-possession financing;

**WHEREAS**, by this resolution, the Managers desire to authorize the Company to obtain such debtor-in-possession financing and to vest the Authorized Person with the requisite authority to bind the Company to any credit facility, financing agreement, and any and all other agreements and documents as may be necessary or appropriate to obtain such financing on behalf of the Company.

**NOW, THEREFORE, IT IS RESOLVED** that the Authorized Person is authorized and directed, on behalf of the Company, to negotiate the form and terms and provisions of any and all such agreements and documents as may be necessary or appropriate to obtain debtor-in-possession financing on behalf of the Company and to execute and deliver all such agreements and documents as the Authorized Person in his sole and absolute discretion approves, with such approval being conclusively established by his execution and delivery of such documents relating to debtor-in-possession financing;

**IT IS FURTHER RESOLVED** that the Authorized Person is authorized and directed, on behalf of the Company, to negotiate the form and terms and provisions of any and all security documents (including without limitation Uniform Commercial Code financing statements) and any other notices, certificates, instruments, documents, and writings, and to do and perform or cause to be done and performed all such other acts as the Managers may from time to time deem necessary, advisable, or appropriate in order to (a) consummate debtor-in-possession credit facilities; (b) give or undertake security, assurances, or obligations to lenders in connection with a debtor-in-possession credit facilities; and/or (c) to perform and comply with all covenants and agreements and meet and satisfy all conditions and obligations of the Company set forth in any credit agreements or any of the instruments, documents and agreements executed or delivered by the Company, including as may be required by any credit agreements and any other documents requested by a lender in order to effect the transactions contemplated by such credit agreements; and

**IT IS FURTHER RESOLVED** that the Authorized Person is authorized to negotiate, execute, and deliver any amendments, modifications, or supplements to, any reaffirmations, and any waivers or consents under, any credit agreement to which the Company is a party (including, without limitation, any extensions for any period, any increases and any restructuring, refinancing, or rearrangement of obligations therewith) in the name of the Company and to take all actions in accordance therewith that the Managers deem necessary or appropriate.

**(D) Further Action**

**IT IS RESOLVED** that in addition to and without limiting the foregoing, the Authorized Person is hereby authorized, empowered, and directed to take, or cause to be taken, such further action, and to execute and deliver, or cause to be executed and delivered, for and in the name and on behalf of the Company, all such further instruments and documents as the Authorized Person, with the advice of counsel, may deem to be necessary or advisable in order to effect the purpose and intent of the foregoing resolutions and to be in the best interest of the Company (as conclusively evidenced by the taking of such action or the execution and delivery of such instruments or documents, as the case may be, by or under the direction of the Authorized Person), and all action heretofore taken by the Authorized Person in connection with the subject of the foregoing resolutions be, and it hereby is, approved, ratified and confirmed in all respects as the acts and deeds of the Company.

The undersigned certify that they are the only serving Managers of Nitro Downhole, LLC that they are legally entitled to approve the foregoing resolutions, and that the adoption of such resolutions by the unanimous written consent of the Managers is authorized by the organizational documents of the Company and applicable state law.

Dated to be effective as of the date first written above.

**MANAGERS**

*Bob Koricanek*
BOBBY LEE KORICANEK

*Jackie Ray Simpson, Jr.*
JACKIE RAY SIMPSON, JR.

6